```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                         :
TAXFIELD SHIPPING LTD.,                  :
                                         :    06 CIV. 3467 (DLC)
                  Plaintiff,             :
                                         :    MEMORANDUM
         -v-                             :    OPINION & ORDER
                                         :
ASIANA MARINE INC., EVERMONT             :
INTERNATIONAL LTD., EVERMONT             :
INTERNATIONAL PTE. LTD., FUYANG          :
WELLRUN, SHANGHAI PROTON MARINE SERVICE  :
LTD., SUNMALL MARINE, INC., PARMEX       :
LIMITED, and IBETO CEMENT COMPANY LTD.,  :
                                         :
                  Defendants.            :
                                         :
-----------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10-26-06

DENISE COTE, District Judge:

This action arises out of a dispute over a shipment of cement from China to Nigeria in late 2005. Although the dispute itself is complex, the facts relevant to the instant motion are limited. Plaintiff Taxfield Shipping Ltd. ("Taxfield") is the owner of the ship on which the cement was carried. Defendant Parmex Limited ("Parmex") was listed on the shipment's bill of lading[1] as the shipper. Parmex also served as the intermediary between the seller and the ultimate buyer of the cement, purchasing it from the Chinese company, and expecting to receive payment for it when the Nigerian company took delivery. The

---

[1] Parmex makes much of the fact that two bills of lading were apparently issued for this shipment. According to Parmex, the two bills are identical in all respects except for the inspection number. Parmex has not identified any prejudice it or any other defendant has suffered as a result of the existence of more than one bill of lading. Moreover, while Parmex argues that it did not intend to take on the obligations of the shipper of the cargo, it admits that it consented to be named as such on the bill of lading.

transaction did not, however, go as planned, since the Nigerian government revoked its authorization for the shipment while the cement was still in transit.  Plaintiff ultimately sold the cement to a buyer in Kuwait for approximately half its expected price, and applied to the Hong Kong International Arbitration Center for arbitration of its claims against Parmex under the bill of lading.

On May 5, 2006, plaintiff filed this action against Parmex and others for alleged breaches of their obligations under the bill of lading.  On May 9, plaintiff obtained an *ex parte* Amended Order and Process of Maritime Attachment (the "Attachment") from this Court, which allowed the attachment of up to $3,178,212 in electronic fund transfers ("EFTs") "originated by, payable to, or otherwise for the benefit of Defendants."  Taxfield served the Attachment on Citibank, American Express Bank, and other financial institutions.  It has continued to send copies of the Attachment to those financial institutions by email each day, which, according to the terms of the Attachment, "is deemed [to constitute] continuous [service] throughout the day from the time of such service through the opening of the garnishee's business the next business day."  As of late July, approximately $170,000 of EFTs belonging to Parmex had been seized.

Parmex moved on July 28 to vacate the Attachment and dismiss the complaint, raising a host of arguments regarding the Hong Kong arbitration, the validity of the bill of lading, and the

2

attachment of EFTs.[2]  Three days later, on July 31, the Second Circuit issued an opinion in which it clarified that vacatur of maritime attachment orders was only available in very limited circumstances:

> Circumstances that may justify a vacatur can occur where (1) the defendant is present in a convenient adjacent jurisdiction; (2) the defendant is present in the district where the plaintiff is located; or (3) the plaintiff has already obtained sufficient security for a judgment.

Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd., 460 F.3d 434, 436 (2d Cir. 2006).  It is undisputed that none of these conditions exist here.  Therefore, it is hereby

ORDERED that the motion to vacate the Attachment and dismiss the complaint is denied.


SO ORDERED:

Dated:    New York, New York
          October 26, 2006

                                    _____
                                              DENISE COTE
                                    United States District Judge

---

[2] Parmex's primary argument about the attachment of EFTs is that perpetual daily service is improper.  It has identified no cases, however, that would support this proposition.